# Memorandum

| Subject | Date |
|---|---|
| United States v. Charles C. Walker<br>Criminal No. 2:05cr16-KS-RHW | June 13, 2005 |

| To | From |
|---|---|
| Brian Lucas<br>Attorney at Law | Jay T. Golden<br>Assistant United States Attorney |

## MEMORANDUM OF UNDERSTANDING

Charles C. Walker, the Defendant herein, and Brian Lucas, attorney for Defendant, have been notified that:

### 1.    Defendant's Obligations.

If the defendant waives indictment and tenders a plea of guilty to the two-count Information pending in this case, charging him with a violation of Section 1956(a)(3)(B) and (C), being Laundering of Monetary Instruments, and Section 982, Title 18, United States Code, being Criminal Forfeiture, if he fully cooperates with the government concerning any illegal activities of which he has knowledge as set out in ¶¶ 8 and 9, and if he agrees to submit to a polygraph examination in order to verify the completeness and truthfulness of his cooperation, and if he fully performs under the forfeiture paragraph of this agreement;

### 2.    Government's Obligations.

a.    Thereafter, the United States Attorney's Office for the Southern District of Mississippi ("U.S. Attorney's Office") will (i) recommend that the Court accept the defendant's plea of guilty, and, at sentencing, (ii) recommend that the Court impose a sentence within the lower 25% of the applicable Sentencing Guidelines range as computed by the Court, (iii) agree not to prosecute any other family members for any conduct related to the offense, and (iv) inform the United States Probation Office and the Court of this Agreement, the nature and extent of Defendant's activities with respect to this case and all other activities of Defendant which the U.S. Attorney's Office deems relevant to sentencing, and the nature and extent of Defendant's cooperation with the U.S. Attorney's Office.

b.    Should the U.S. Attorney's Office determine that Defendant has provided substantial assistance to law enforcement officials in an investigation and prosecution, and has fully complied with the understandings specified in this Agreement, then the government will submit a motion  pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 5K1.1,

requesting that the Court sentence Defendant in light of the factors set forth in U.S.S.G. § 5K1.1(a)(1)-(5). The determination as to whether Defendant has provided such substantial assistance shall rest solely within the discretion of the relevant law enforcement agencies involved in conjunction with the U.S. Attorney's Office. Should any investigation in which Defendant offers information be incomplete at the time of his sentencing, the government may, in lieu of a downward departure at sentencing, move for a reduction in sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure at such time as the cooperation is complete. It is understood that, even if such a motion is filed, the sentence to be imposed on Defendant remains within the sole discretion of the Court.

      **3.**    **Count of Conviction.** It is understood that, as of the date of this Memorandum, the defendant and his attorney have indicated that the defendant desires to plead guilty to the Information. It is further understood that the Court may require Defendant to pay restitution in this matter in accordance with applicable law. Defendant further understands that he is liable to make restitution for the full amount of the loss determined by the Court to constitute relevant conduct, which amount is not limited to the count of conviction.

      **4.**    **Sentence.** Defendant understands that the penalty for the offense charged in Count 1 of the Information, charging a violation of Title 18, United States Code, Section 1956(a)(3)(B) and (C), is not more than 20 years imprisonment; a term of supervised release of not more than 3 years; and a fine of up to $250,000. The penalty that may be imposed for a violation of Section 982, Title 18, United States Code, is forfeiture of any property involved in such offense, or any property traceable to such property. Defendant further understands that a term of supervised release will be imposed and that term will be in addition to any prison sentence he receives; further, if any of the terms of his supervised release are violated, Defendant can be returned to prison for the entire term of supervised release, without credit for any time already served on the term of supervised release prior to Defendant's violation of those conditions.

      **5.**    **This Agreement Does *Not* Bind the Court.** It is further understood that the Court, in accord with the principles of Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, is not required to accept the recommendation of the U.S. Attorney's Office, but may sentence Defendant to the maximum fine and imprisonment as provided by law, and the government has no other obligation in regard to sentencing than as stated in Paragraph No. 2.

      **6.**    **Determination of Sentencing Guidelines.** It is further understood that the United States Sentencing Guidelines are advisory only and that Defendant and Defendant's attorney have discussed the fact that the Court must review the Guidelines in reaching a decision as to the appropriate sentence in this case, but the Court may impose a sentence other than that indicated by the Guidelines if the Court finds that another sentence would be more appropriate. Defendant specifically acknowledges that he is not relying upon anyone's calculation of a particular Guidelines range for the offense to which he is entering this plea, and recognizes that the Court will make the final determination of the sentence and that he may be sentenced up to the maximum penalties set forth above.

7.     **Willingness to Cooperate**.  It is further understood and specifically acknowledged by Defendant that the consideration for the action by the government herein is Defendant's representation, by execution of this Memorandum of Understanding and otherwise, that Defendant both can and will carry out the terms and conditions contained herein.

8.     **Terms of Cooperation**.  It is further understood that the full cooperation referred to in Paragraph No. 1 includes:  (a) immediate truthful and complete disclosure of all matters involved in these charges to the appropriate federal agents;  (b) truthful and complete disclosure of other matters involving possible violations of Federal law to the appropriate federal agency as directed by the U.S. Attorney's Office; (c) truthful testimony at any trial involving any matter arising from these charges; (d) truthful testimony before any grand jury or at any trial in this or any other district on any matter about which Defendant has knowledge and which is deemed pertinent to the U.S. Attorney's Office; (e) full cooperation with the U.S. Attorney's Office and any law enforcement agency designated by the U.S. Attorney's Office; (f) attendance at all meetings at which the U.S. Attorney's Office requests his presence; (g) provision to the U.S. Attorney's Office, upon request, of any document, record, or other tangible evidence relating to matters about which the U.S. Attorney's Office or any designated law enforcement agency inquires of him;(h) full performance in accordance with the forfeiture paragraphs of this agreement; and (i) an obligation on the part of Defendant to commit no further crimes whatsoever.

9.     **Protection**.  It is further understood that the U.S. Attorney's Office agrees that information provided by Defendant as a result of his obligation to cooperate under this agreement (including testimony covered by Paragraph 8 above), from the date of this Agreement forward, will not be used directly or indirectly against defendant in determining the applicable Sentencing Guidelines range as provided in U.S.S.G. § 1B1.8, unless Defendant falsely denies at the sentencing hearing something which he has previously admitted to the pre-sentence investigator. That is to say, information given by Defendant subsequent to the execution of this Memorandum of Understanding, or information derived therefrom which was obtained from other sources, may not be used in computing the applicable Guidelines range unless it contradicts a statement made or a position taken during the sentencing hearing.

10.     **Limit on Further Prosecutions**.  It is further understood that (except for criminal tax violations as to which this Office cannot, and does not, make any agreement), the U.S. Attorney's Office, will seek no further criminal prosecutions of Defendant for any acts or conduct disclosed by Defendant to this Office as of the date of this Agreement arising out of any event covered by the Indictment referenced in Paragraph No. 1, except that the matters referred to in the remaining counts of the Indictment may be used as relevant conduct in computing the applicable Sentencing Guidelines range, if Defendant voluntarily, truthfully and completely discloses all information and knowledge that Defendant has.  Should Defendant not voluntarily and completely disclose, then as to that matter, the U.S. Attorney's Office, is free to seek prosecution of Defendant.  This Memorandum does not provide any protection against prosecution for any crimes except as set forth above [and except as to any acts of violence].

11.   **Limited Use of Information.**  It is further understood that no information given by Defendant subsequent to and in response to this Memorandum will be used against Defendant in any criminal case, except in a prosecution for perjury or as noted in Paragraph No. 9 with regard to the sentencing hearing, and except if Defendant violates any provision of this Memorandum, particularly Paragraph No. 8, in which event it is specifically understood and agreed that all information given by Defendant or derivatives thereof, shall be admissible in any proceedings against Defendant, as well as used in determining an appropriate Sentencing Guidelines range.

12.   **Breach of This Agreement.**  It is further understood that should Defendant fail or refuse as to any part of this Memorandum or commit any other crimes, the representations by the United States in Paragraph Nos. 2 and 9-11 above are rescinded, and Defendant's breach shall be considered sufficient grounds for the pursuit of any prosecutions of which the U.S. Attorney's Office has not sought as a result of this Memorandum of Understanding.

13.   **Binding Effect On This District Only.**  It is further understood that this Memorandum does not bind any state or local prosecuting authorities or any other federal district except as to the use of Defendant's statements voluntarily given hereunder;  further, this agreement does not bind the Attorney General of the United States in regard to any matter, civil or criminal, involving the tax statutes of the United States.

14.   **Special Assessment.**  It is further understood and specifically agreed to by Defendant that, at the time of the execution of this document **or at the time the plea is entered**, Defendant will then and there pay over the special assessment of $100.00 per count as required by Title 18, United States Code, Section 3013, to the Office of the United States District Court Clerk;  the defendant shall thereafter produce proof of payment to the U.S. Attorney's Office or the U.S. Probation Office.  If the defendant is adjudged to be indigent, payment of the special assessment at the time the plea is entered is waived, but Defendant agrees that it may be made payable first from any funds available to Defendant while he is incarcerated.

15.   **Further Crimes.**  It is further understood that should Defendant commit any further crimes, this Memorandum shall be deemed violated and he shall be subject to prosecution for any federal criminal violation of which this office has knowledge, and that any information provided by him may, if appropriate, be used against him.

16.   **Waivers.**  Defendant, knowing and understanding all of the matters aforesaid including the maximum possible penalty that could be imposed, and being advised of his or her rights to remain silent, to trial by jury, to subpoena witnesses on his own behalf, to confront the witnesses against him, and to appeal the conviction and sentence, in exchange for the recommendations and concessions made by the U.S. Attorney's Office in this plea agreement **hereby expressly waives the above rights and the following:**

a.    the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and

b.    the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case, and

c.    any right to seek attorneys fees and/or costs under the "Hyde Amendment,"-as codified in Title 18, United States Code, Section 3006A, and the defendant acknowledges that the government's position in the instant prosecution was not vexatious, frivolous, or in bad faith, and

d.    all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by him or by his representative under the Freedom of Information Act, set forth at Title 5, United States Code, Section 552, or the Privacy Act of 1974, at Title 5, United States Code, Section 552a.

e..   Defendant further acknowledges and agrees that any factual issues regarding the sentencing will be resolved by the sentencing judge under a preponderance of the evidence standard, and Defendant waives any right to a jury determination of these sentencing issues. Defendant further agrees that, in making its sentencing decision, the district court may consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial.

17.    **Future Direct Contact With Defendant.**  Defendant and his attorney acknowledge that if forfeiture, restitution, a fine, or special assessment or any combination of forfeiture, restitution, fine, and special assessment is ordered in Defendant's case that this will require regular contact with Defendant during any period of incarceration, probation, and supervised release. Further, Defendant and his attorney understand that it is essential that defense counsel contact the Financial Litigation Unit of the U.S. Attorney's Office immediately after sentencing in this case to confirm in writing whether defense counsel will continue to represent Defendant in this case and in matters involving the collection of the financial obligations imposed by the Court. If the U.S. Attorney's Office does not receive any written acknowledgment from defense counsel within two weeks from the date of the entry of Judgment in this case, the U.S. Attorney's Office will presume that defense counsel no longer represents the defendant and the Financial Litigation Unit will communicate directly with the defendant regarding collection of the financial obligations imposed by the Court. Defendant and his attorney understand and agree that such direct contact with Defendant shall not be deemed an improper *ex parte* contact with Defendant if defense counsel fails to notify the U.S. Attorney's

Office of any continued legal representation within two weeks after the date of entry of the Judgment in this case.

## FORFEITURE

18.  The defendant agrees to (and does hereby) immediately and voluntarily forfeit to the United States of America any and all rights, title, or interest he may have in any and all assets and property, or portions thereof, subject to forfeiture as a result of defendant's illegal conduct as charged in the Information in this case, regardless of the location of said assets and property and whether said assets and property are in the name of or in possession or control of the defendant, a nominee, or some other person.  Specifically, the assets and property to be forfeited, include, but are not limited to, the following:

## REAL PROPERTY

Parcel No. 8

Tract #1: A part of the Southwest Quarter of the Southwest Quarter of Section 19, Township 5 North, Range 12 West, Forrest County, Mississippi described as beginning 698.3 feet South of the NW Corner of said Forty, and then run South for 301 feet to a point on the South line of the North 3/4 of said Forty, thence run East for 78 feet to the West margin line of the Lynn Ray Public Road, then run Northerly along the West margin line of said road for 332 feet to the intersection with the center line of a pipe line, thence run S 70 Degrees 45 feet W along the center line of said pipe line for 103 feet to the Point of Beginning; all of the above described property comprising 48.4 acres, more or less.

Tract #2: The N 3/4 of the SE 1/4 fo the SE 1/4; less and except beginning at the NE corner of the said SE 1/4 of SE 1/4 and thence run West for 124.7 feet, then run South for 698.3 feet, thence run East for 124.7 feet, then run North for 698.3 feet to the beginning; all being in Section 24, T-5-N, R-13-W, of Forrest County, Mississippi.

LESS AND EXCEPT: That part sold to Katherine Lois Williams White more particularly described as follows: A part of the SE 1/4 of the SE 1/4 of Section 24, Township 5 North, Range 13 West, Forrest County, Mississippi, and being more particularly described as beginning at the NW Corner of the said SE 1/4 of SE 1/4 and thence run East along the North line of said Forty for 22 feet to a fence corner, thence run South easterly along a fence for 999.3 feet, then run West for 33 feet to a point on the West line of the aforesaid SE 1/4 of SE 1/4, thence run North along the West line of said Forty for 999.3 feet to the point of beginning, and comprising 0.63 acres, more or less.

Parcel No. 11

All of that part of the Northeast Quarter (NE1/4) of Section 6 Township 3 North, Range 13 West, Forrest County, Mississippi, lying East of Interstate Highway No. 59, LESS AND EXCEPT 3.2 acres for road rights of way to Forrest County, and comprising 35.9 acres, more or less:

A part of the Northwest Quarter of the Northwest Quarter (NW 1/4 of the NW 1/4) of Section 5, Township 3 North, Range 13 West in the County of Forrest, State of Mississippi, and more particularly described as follows, to-wit:

Commencing at the Northwest Corner of said Section 5, and run thence East along the North line of said Section for a distance of 550 feet; run thence south for a distance of 192.4 feet; run thence S 47 Degrees W for a distance of 738 feet to a point on the West line of said Section 5; run thence North along the West line of said Section for a distance of 690 feet to the Point of Beginning, LESS AND EXCEPT 0.37 acres for road R.O.W.'s to Forrest County, and containing 5.2 acres, more or less; together with all improvements thereon and appurtenances thereunto belonging.

Parcel No. 12

A Parcel of land located in the NE 1/4, of the NE 1/4, of section 25, Township 5 North, Range 13 West Forrest County, Mississippi, being more particularly described as:

Commencing at the Southeast corner of the NE 1/4, of the NE 1/4, of said Section 25; thence run N00 degrees 15' 34" E 700.00', thence run West 650.69' to the Point of Beginning; thence run S67 degrees 17' 00" W 134.55', thence run S81 degrees 02' 22" W 133.74', thence run S85 degrees 47' 31" W 113.51', thence run N02 degrees 22' 01" W 358.89', thence run N89 degrees 16' 08" W 302.35', thence run N00 degrees 15' 18" W 661.45', thence run N89 degrees 39' 53" E 587.11', thence run S00 degrees 07' 28" E 443.45', thence run N89 degrees 55' 05" E 99.82', thence run s00 degrees 11' 11" E 502.91' back to the Point of Beginning.

Said Parcel being 12.36 acres plus, less and accept the one (1) acre of land and cottage home contained therein, and in which Kenny Campbell is living.

19. Further, relative to the forfeiture herein, the defendant agrees as follows:

(a) to fully assist the government in the recovery and return to the United States of any assets, property, or portions thereof, as described above, and to make an immediate, truthful, and complete disclosure to the appropriate federal agent of all assets and property, real and personal,

over which defendant exercises dominion and control, including property in a nominee name or otherwise secreted, together with a proper description thereof;

(b) to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing;

(c) to take the necessary actions as deemed necessary by the United States Attorney to substantiate the truthfulness of any of defendant's disclosures:

(d) defendant does hereby, forfeit, release, and/or transfer all interests in the property described above and to take all steps deemed necessary by the United States Attorney to insure that clear title, ownership, and possession vests in the United States of America, including, but are not limited to, the signing of all instruments necessary to pass title, the approval and signing of any stipulation for judgment or consent decree of forfeiture, and of any other documents necessary to effectuate such transfers and vest clear title in the Government;

(e) not to oppose any forfeiture action, whether administrative or judicial, civil or criminal, that arises, has arisen, or may arise, from this matter; that it shall not be necessary for the government to serve the defendant with summons, complaint, notice of forfeiture, or any documents in any such newly commenced or pending forfeiture action, civil or criminal; and if an administrative or judicial forfeiture action is pending, to immediately, and he does hereby, withdraw any opposition thereto; does agree that a default or final judgment of forfeiture may be taken without further notice to him or to his attorney; and he shall otherwise forfeit, transfer, and/or release the subject property as the United States Attorney may direct;

(f) that the defendant is the sole owner of the above-described property; and such property constitutes, or was derived from proceeds the defendant obtained, directly or indirectly, as a result of the violations charged in the Information and/or it is property that was involved or that the defendant used to commit, or to facilitate the commission of the offense charged in the Information, and that neither this criminal action nor this plea agreement shall prevent a coincident or subsequent civil or criminal forfeiture action arising or that may arise from this matter; and the Government reserves the right to proceed against any remaining assets not identified either in this agreement or in any civil actions that are resolved along with this plea of guilty, including any property in which the defendant has any interest or control, if said assets, real or personal, tangible or intangible, constitute or are derived from the proceeds of any of the violations contained in Title 21, United States Code or if said assets facilitated such violations; and

(g) that the United States is not limited to forfeiture of the property described above. In any pending or future criminal forfeiture action, if the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled

with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this cause. The defendant agrees that forfeiture of substitute assets as authorized herein and pursuant to 21 U.S.C. § 853(p) shall not be deemed an alteration of the defendant's sentence and that forfeiture of the above assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

(h) The Court may enter a preliminary order of forfeiture without further notice to or agreement from the defendant; and by agreeing to this Memorandum of Understanding, the defendant waives his right to such and to any further notice or right to participate in the ancillary proceeding or any other proceeding pertaining to this forfeiture.

(i) The Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted or pursuant to rule 32.2(b)(3) at the time of his sentencing.

20.    **Complete Agreement.** It is further understood that this Memorandum completely reflects all promises, agreements and conditions made by and between the United States Attorney's Office for the Southern District of Mississippi and Defendant.

WITNESS OUR SIGNATURES, as set forth below.

DUNN LAMPTON
United States Attorney

_____          6/29/05
JAY T. GOLDEN                              Date
Assistant United States Attorney

_____          JUNE 29, 2005
CHARLES C. WALKER                          Date
Defendant

_____          June 29, 2005
BRIAN LUCAS                                Date
Attorney for Defendant

Page 9 of 9