IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:05cr16KS-RHW

CHARLES CLENDELL WALKER

### AGREED PRELIMINARY ORDER OF FORFEITURE

PURSUANT to a separate Memorandum of Understanding between **CHARLES CLENDELL WALKER,** who by signing this document acknowledges that the findings made herein are correct and that he is in agreement therewith and with the adjudications made hereby, and the **UNITED STATES OF AMERICA** (the Government), the Court finds as follows:

1. The defendant is fully aware of the consequences of his having agreed to forfeit to the Government his interest in and to the hereinafter described property, having been apprised of such by his attorney and by this Court; and he has freely and voluntarily, with knowledge of such consequences, entered into said Memorandum of Understanding with the Government to forfeit such property.

2. The defendant agrees that he owns an interest in the hereinafter described property and such property constitutes, or was derived from proceeds that the said defendant obtained, directly or indirectly, as a result of the offenses charged in Count 1 of the Information and/or it is property that was involved or that the defendant used to commit, or to facilitate

the commission of, the offense charged in Count 1, and/or is substitute assets as provided for in Title 21 United States Code, Section 853(p). Further, the crime charged in Count 1 is knowingly and willfully conspiring to launder monetary instruments knowing that the transaction was designed to conceal or disguise the nature, source, ownership, or control of proceeds of a specified unlawful activity, namely, illegal narcotics trafficking, and to avoid a transaction reporting requirement under federal law, in violation of Title 18, United States Code, Section 1956(a)(3), and is a crime punishable by more than one year's imprisonment. Such property is, therefore, subject to forfeiture pursuant to Title 18, United States Code, Section 982.

3. The defendant has been apprised of the fact that Title 18, United States Code, Section 982(a)(1) requires the Court to order the forfeiture of the hereinafter described property at and as a part of the sentencing proceeding. He does hereby waive such requirement and the requirement that the forfeiture be made a part of the sentence as ordered by the Court in the document entitled, "Judgment in a Criminal Case;" and he does further authorize the Court to enter this order immediately, agreeing that the forfeiture ordered hereunder shall be a part of the sentence of the Court whether ordered at that proceeding or not and whether or not attached thereto as a part of the said Judgment in a Criminal Case.

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

1. All of the right, title, and interests of **CHARLES CLENDELL WALKER,** in and to the following property is hereby forfeited to the **UNITED STATES OF AMERICA**:

### REAL PROPERTY

**Parcel No. 8**

PARCEL #1: A part of the Southwest Quarter of the Southwest Quarter of Section 24, Township 5 North, Range 13 West, Forrest County, Mississippi described as beginning 698.3 feet South of the NW Corner of said Forty, and then run South for 301 feet to a point on the South line of the North 3/4 of said Forty, thence run East for 78 feet to the West margin line of the Lynn Ray Public Road, then run Northerly along the West margin line of said road for 332 feet to the intersection with the center line of a pipe line, thence run S 70 Degrees 45 feet W along the center line of said pipe line for 103 feet to the Point of Beginning; all of the above described property comprising 48.8 acres, more or less.

Tract #2: The E1/2 of the NE1/4 of the SE1/4; and the NE3/4 of the SE 1/4 of the SE 1/4; less and except beginning at the NE corner of the said SE 1/4 of SE 1/4 and thence run West for 124.7 feet, thence run South for 698.3 feet, thence run East for 124.7 feet, thence run North for 698.3 feet to the beginning; all being in Section 24, T-5-N, R-13-W, of Forrest County, Mississippi.

LESS AND EXCEPT: That part sold to Katherine Lois Williams White more particularly described as follows: A part of the SE 1/4 of the SE 1/4 of Section 24, Township 5 North, Range 13 West, Forrest County, Mississippi, and being more particularly described as beginning at the NW Corner of the said SE 1/4 of SE 1/4 and thence run East along the North line of said Forty for 22 feet to a fence corner, thence run Southeasterly along a fence for 999.3 feet, thence run West for 33 feet to a point on the West line of the aforesaid SE 1/4 of SE 1/4, thence run North along the West line of said Forty for 999.3 feet to the point of beginning, and comprising 0.63 acres, more or less.

**Parcel No. 11**

All of that part of the Northeast Quarter (NE1/4) of Section 6 Township 3 North, Range 13 West, Forrest County, Mississippi, lying East of Interstate Highway No. 59, LESS AND EXCEPT 3.2 acres for road rights of way to Forrest County, and comprising 35.9 acres, more or less:

A part of the Northwest Quarter of the Northwest Quarter (NW 1/4 of the NW 1/4) of Section 5, Township 3 North, Range 13 West in the County of Forrest, State of Mississippi, and more particularly described as follows, to-wit:

Commencing at the Northwest Corner of said Section 5, and run thence East along the North line of said Section for a distance of 550 feet; run thence south for a distance of 192.4 feet; run thence S 47 Degrees W for a distance of 738 feet to a point on the West line of said Section 5; run thence North along the West line of said Section for a distance of 690 feet to the Point of Beginning, LESS AND EXCEPT 0.37 acres for road R.O.W.'s to Forrest County, and containing 5.2 acres, more or less; together with all improvements thereon and appurtenances thereunto belonging.

**Parcel No. 12**

A part of the NE 1/4 of the NE 1/4, of Section 25, and a part of the SE-1/4 of the SE-1/4 of Section 24, all in T-5-N, R-13-W, Forrest County, Mississippi, and being more particularly described as commencing at the SE Corner-of the NE 1/4 of the NE 1/4, of said Section 25, and thence run N0 degrees 15'34"E along the East line of said Forty for 700 feet, thence run West 650.69 feet to a point on the Northerly margin line of the Lynn Ray Public Road, and to and for the Point of Beginning, thence run S67 degrees 17'W along the Northerly margin line of said Public Road for 134.55 feet, thence run S81 degrees 02'22"W along the Northerly margin line of the said Lynn Ray Public Road for 133.74 feet, thence run S85 degrees 47'31"W along the Northerly margin line of the said Lynn Ray Public Road for 113.51 feet, thence run N02 degrees 22'01"W for 358.89 feet, thence run N89 degrees 16'08"W for 302.35 feet, to the West line of the aforesaid NE-1/4 of NE-1/4 of said Section 25, thence run N0 degrees

15'18"W along the West line of the NE-1/4 of the NE-1/4 of Section 25 and along the West line of he SE-1/4 fo the SE-1/4 of Section 24 for 661.45 feet, thence run N89 degrees 39'53"E for 587.11 feet, thence run S0 degrees 07'28"E (deed says South) for 443.45 feet (deed says 435 feet), thence run N89 degrees 55'05"E (deed says East) for 99.82 feet (deed says 100 feet), thence run S0 degrees 11'11"E (deed says South) for 502.91 feet, to the Point of Beginning, comprising 12.17 acres more or less.

Subject to any and all prior reservation and/or conveyances of the oil, gas and other minerals in, on and under the subject property.

LESS AND EXCEPT:

A part of the Northeast 1/4 of the Northeast 1/4 of Section 25, Township 5 North, Range 13 West, in the County of Forrest, State of Mississippi, and being more particularly described as Commencing at the Southeast Corner of said Northeast 1/4 of the Northeast 1/4, thence run N00 degrees 15'34"E and along the East Line of said Northeast 1/4 of the Northeast 1/4 for 700.00 feet, thence run West for 630.69 feet to the North margin line of Lynn Ray Road, thence run S67 degrees 17'00"W and along said North margin line for 134.55 feet, thence run S81 degrees 02'22"W and along said North margin line for 133.74 feet, thence run S85 degrees 47'31"W and along said North margin line for 83.49 feet to the Point of Beginning; thence continue S85 degrees 47'31"W and along said North margin line for 30.02 feet, thence run N02 degrees 22'01"W for 423.99 feet, thence run N89 degrees 16'08"W for 49.96 feet, thence run N00 degrees 43'52"E for 122.00 feet, thence run S89 degrees 16'08"E for 80.00 feet, thence run S00 degrees 43'52"W for 122.00 feet, thence run S89 degrees 16'08"E for 75.00 feet, thence run S02 degrees 22'01"E for 65.00 feet, thence run N89 degrees 16'08"W for 75.00 feet, thence run S02 degrees 22'01"E for 356.40 feet, to the Point of Beginning, comprising 0.73 Acres, more or less.

2. The Defendant, **CHARLES CLENDELL WALKER**, agrees to have a survey and appropriate legal title description and deed done with regards to the one acre of land that Kenny Campbell is

5

living on in the cottage. Defendant is to present a copy of the deed to the Government within two (2) months of this order.

3. The Defendant agrees to execute further deeds, documents, and /or conveyances with regards to the above mentioned real property necessary to convey clear title to the United States and to further implement the terms of this order within two (2) months of the date of this order.

4. The United States Attorney is directed to immediately commence the ancillary proceeding required by 21 U.S.C. § 853(n) by submitting to the proper federal authority or agency for publication the proper notice, issued by the clerk; and such notice is to be published once a week for three (3) consecutive weeks in *The Hattiesburg American* newspaper having general circulation in this district.

5. Further, pending completion of the said ancillary proceeding or further order of the Court, the proper federal authority or agency shall take and/or maintain possession of the above described property.

6. By signing this document the defendant, **CHARLES CLENDELL WALKER**, acknowledges that he is the owner of the above described property and that the findings made herein are correct and that he is in agreement therewith and with the adjudications made hereby.

SO, ORDERED AND ADJUDGED this 15th day of September 2005.

_____
UNITED STATES DISTRICT JUDGE

APPROVED:

DUNN LAMPTON
United States Attorney

_____
JAY T. GOLDEN
Assistant U.S. Attorney

_____
CHARLES CLENDELL WALKER
Defendant

_____
BRIAN LUCAS
Attorney for Defendant